UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CALVIN STEVENS,

    Plaintiff,

v.

DIVISION OF CHILD PROTECTION AND
PERMANENCY, *et al.*,

    Defendants.

Civil Action No. 18-9952 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Calvin Stevens's ("Plaintiff") Motion to Reopen this Case pursuant to Federal Rule of Civil Procedure 60(b)[1] (the "Rule 60(b) Motion," ECF No. 13).[2] By way of brief background, Plaintiff commenced this action in 2018 against the Division of Child Protection and Permanency, the State of New Jersey Office of the Public Defender, the Law Guardian Program, Somerset County Superior Court, Kingdom Kidz Daycare, Cynthia Costello, Anita Steele, Kristen Wenzel, Lourdes Yorkshire, Nichole Lane, Esq., Peter Tober, Kevin Shanihan, Twana Wilson, Gerald Wilson, Audrey Nulty, Ashley Cates, and Belkys Romero-Key.[3] (*See generally* Compl., ECF No. 1.) Plaintiff also submitted an application to

---

[1] All references hereafter to "Rule" or "Rules" are in reference to the Federal Rules of Civil Procedure.

[2] Plaintiff filed this motion as correspondence requesting to reopen his case. (ECF No. 13.) The Court, mindful of its obligation to liberally construe pleadings of pro se litigants, construes Plaintiff's correspondence as a motion to reopen the case under Rule 60. *See Duron v. Cohen*, No. 07-3589, 2016 WL 4155009, at *2 (D.N.J. Aug. 3, 2016) (citation omitted) (considering a pro se plaintiff's request to reopen a case under Rule 60(b)).

[3] Although the docket lists "Foster Parents" as a defendant, the Complaint identifies the foster parents as Twana and Gerald Wilson. (*See* ECF No. 1-2 at 4.) Accordingly, the Court omits "Foster Parents" as a separate defendant.

proceed in forma pauperis ("IFP"). (ECF No. 1-1.) Plaintiff thereafter moved to amend his Complaint, which the Court granted, directing Plaintiff to refile his IFP application and amended complaint by August 19, 2019. (ECF Nos. 5, 7.) Plaintiff failed to file either document, and on March 24, 2020, the Court notified him that the case was subject to dismissal for lack of prosecution. (ECF No. 8.) Plaintiff took no further action, and the Court accordingly dismissed the case on April 3, 2020. (ECF No. 9.)

Nearly two years later, on May 10, 2022, Plaintiff filed correspondence requesting that the Court reopen his case. (ECF No. 10.) The Court construed the correspondence as Plaintiff's election to stand on his initial pleading and screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Order, ECF No. 11.) The Complaint alleged that, in 2013, a nurse reported suspected child abuse involving Plaintiff's daughter, which resulted in state court proceedings and the suspension of his visitation rights. (*Id.* ¶ 7 (citing ECF No. 1-3 at 3).) Plaintiff claimed that his parental rights were wrongfully terminated for providing religious instruction to his daughter, and that he was unlawfully prohibited from contacting his son, who was born shortly thereafter. (ECF No. 2 at 6.) Plaintiff therefore requested that this Court "return [his] children" to him, grant him visitation rights, investigate the daycare facility, review the state court proceedings, and award him monetary damages. (Compl. 6-7.)

Upon a review of the Complaint, the Court determined that it lacked subject matter jurisdiction over Plaintiff's claims. (Order ¶ 8.) The Court explained that New Jersey law vests exclusive jurisdiction over child abuse and neglect matters in the Superior Court, Chancery Division, Family Part, and that any appeals from such determinations must be brought before the New Jersey appellate courts. (*Id.*) The Court further found that Plaintiff's claims against the named state departments and agencies were barred by Eleventh Amendment immunity, and that the

individual defendants were either immune from suit or not state actors under 42 U.S.C. § 1983. (*Id.* ¶ 9.) The Court also held that Plaintiff's claims, which sought to invalidate the findings of a state court proceeding, were precluded under the *Rooker-Feldman* and *Younger* abstention doctrines. (*Id.* ¶¶ 10-11.) The Court therefore denied Plaintiff's request to reopen the case and directed that the matter remain closed. (*Id.*)

Nearly three years later, on June 20, 2025, Plaintiff filed the instant Rule 60(b) Motion, once again asking the Court to reopen his case. (*See generally* Rule 60(b) Mot.) The basis of Plaintiff's Rule 60(b) Motion is his assertion that the Mercer County Correctional Facility, where he is housed, has failed to provide him with the necessary resources to correspond with the Court and has prevented delivery of his incoming mail. (*Id.* at 2-4.) He further alleges that there exists a "full fledge[d] conspiracy to . . . deprive[] [him] of [his] civil rights" and "hinder any progress [he] can make in the federal courts." (*Id.* at 3.)

Under Rule 60(b), a party may seek relief from final judgment, and request the reopening of his case, "under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Relief under Rule 60(b) is "extraordinary" and available only upon a showing of exceptional circumstances justifying relief from a final judgment. *See id.* at 535.

Here, Plaintiff identifies no legal error in the Court's prior ruling and presents no newly discovered evidence or circumstances warranting reconsideration. While Plaintiff alleges that staff at the Mercer County Correctional Facility has interfered with his mail, these allegations, even if true, provide no conceivable basis to reopen this case under Rule 60(b)(6). *See Rhone v. Larkins*, No. 99-743, 2016 WL 3181757, at *6 (E.D. Pa. June 8, 2016) (citing *Dougherty v. Advanced Wings LLP*, 611 F. App'x. 752, 753 (3d Cir. 2015)) ("Relief is not available where the petitioner has 'stated no conceivable bases for reopening under Rule 60(b)(6)' and 'does not even acknowledge

3

the reasons for most of the [federal court's] underlying rulings, let alone set forth anything that might constitute "extraordinary circumstances" warranting relief from those rulings.'"). Moreover, upon a review of the record, the Court finds no legal error in its ruling, or basis to disturb its prior conclusions regarding jurisdiction, immunity, or the applicability of the *Rooker-Feldman* and *Younger* abstention doctrines. (*See* ECF No. 11.) Because Plaintiff has failed to establish any ground for relief under Rule 60(b), his motion will be denied. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008).

Based on the foregoing,

**IT IS**, on this 18th day of November 2025, **ORDERED** that:

1. The Clerk of Court shall reopen this matter for the limited purpose of considering Plaintiff's Rule 60(b) Motion.

2. Plaintiff's Rule 60(b) Motion (ECF No. 13) is **DENIED**.

3. The Clerk of Court shall close this case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE